**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
      chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Cynthia Dominguez**,<br><br>             Plaintiff,<br><br>vs.<br><br>**Family Dollar, Inc.**, a North Carolina Corporation,<br><br>             Defendant. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Cynthia Dominguez ("Plaintiff" or "Cynthia Dominguez"), sues the

Defendant, Family Dollar, Inc ("Defendant") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.    This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article

7.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conduct business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

1

## PARTIES

2      7.     At all times material to the matters alleged in this Complaint, Plaintiff was

3  an individual residing in Maricopa County, Arizona, and is a former employee of

4  Defendant.

5

6      8.     At all material times, Defendant Family Dollar, Inc. is a corporation duly

7  licensed to transact business in the State of Arizona.  At all material times, Defendant

8  Family Dollar, Inc. does business, has offices, and/or maintains agents for the transaction

9  of its customary business in Maricopa County, Arizona.

10

11      9.     At all relevant times, Defendant Family Dollar, Inc. owned and operated as

12  "Family Dollar," a chain of retail stores that has locations in Phoenix, Arizona.

13      10.    Under the FLSA, Defendant Family Dollar, Inc.is an employer.  The FLSA

14  defines "employer" as any person who acts directly or indirectly in the interest of an

15  employer in relation to an employee.  At all relevant times, Defendant Family Dollar, Inc.

16

17  had the authority to hire and fire employees, supervised and controlled work schedules or

18  the conditions of employment, determined the rate and method of payment, and

19  maintained employment records in connection with Plaintiff's employment with

20  Defendant.  As a person who acted in the interest of Defendant in relation to the

21  company's employees, Defendant Family Dollar, Inc.is subject to liability under the

22

23  FLSA.

24      11.    At all relevant times, Plaintiff was an "employee" of Defendant as defined

25  by the FLSA, 29 U.S.C. § 201, *et seq.*

26

27

12.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

13.     At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

14.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

15.     At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

16.     At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

17.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

18.     Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19.     At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

20.     At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

21.     Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

22.     Defendant owns and/or operates as Family Dollar, an enterprise doing business in Maricopa County, Arizona.

23.     Plaintiff was hired by and began working for Defendant in approximately March 2022.

24.     At all relevant times, Plaintiff worked for Defendant for approximately two weeks.

25.     At all relevant times, in her work for Defendant, Plaintiff worked as a cashier for Defendant.

26.     At all relevant times, in her work for Defendant, Plaintiff worked at the Family Dollar located at about 75th Avenue and Indian School Road.

27.     Defendant, in its sole discretion, paid Plaintiff $12.80 per hour.

28.     Plaintiff, in her work for Defendant, was generally scheduled to, and did, work approximately between 25 and 30 hours per week.

29.     Defendant classified Plaintiff as W-2 employee.

30.     In the only two workweeks during which she worked for Defendant, Plaintiff approximately 50 to 60 hours.

31.     Roughly two weeks after she began her employment, Plaintiff's employment with Defendant ended.

32.     Defendant failed to compensate Plaintiff any wages whatsoever for the two workweeks of her employment with Defendant.

33.     Therefore, for the two workweeks that Plaintiff worked for Defendant, Defendant paid Plaintiff no wages whatsoever.

34.     Shortly after her employment with Defendant ended, Plaintiff went into the store at which she worked and inquired regarding when she could expect payment. Plaintiff never received any substantive response.

35.     Shortly after her employment with Defendant ended, Plaintiff inquired with her manager, Steve, regarding when she could expect payment.  In response, Steve told Plaintiff that he could not figure out what had happened or why Plaintiff had not been paid for the work she performed.

36.     After speaking with Steve, Plaintiff obtained contact information for an individual who worked in Defendant's human resources department, Kathy.

37.     Plaintiff contacted Kathy on multiple occasions to inquire about getting paid for the work she performed.  Though Kathy acknowledged the issue, the issue was not resolved.

38.     To date, Defendant has still paid no wages whatsoever to Plaintiff for such hours worked.

39.     As a result of not having paid any wage whatsoever to Plaintiff during her two workweeks of employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

40.     As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

41.     As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-363.

42.     As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AWA, A.R.S. § 23-350, et seq.

43.     Plaintiff was a non-exempt employee.

44.     Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

45.     Plaintiff is a covered employee within the meaning of the FLSA.

46.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

48.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

49.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, to be proven at trial, in an amount that

1 is treble the amount of her unpaid wages, plus interest thereon, and costs incurred under

2 A.R.S. § 23-355.

3 **COUNT ONE: FAIR LABOR STANDARDS ACT**
4 **FAILURE TO PAY MINIMUM WAGE**

5     50.    Plaintiff realleges and incorporates by reference all allegations in all

6 preceding paragraphs.

7
8     51.    As a result of not paying Plaintiff any wage whatsoever for the two

9 workweeks of her employment, Defendant failed or refused to pay Plaintiff the FLSA-

10 mandated minimum wage.

11     52.    Defendant's practice of failing or refusing to pay Plaintiff at the required
12
13 minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

14     53.    Plaintiff is therefore entitled to compensation for the full applicable

15 minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as

16 liquidated damages, together with interest, reasonable attorney's fees, and costs.

17     **WHEREFORE**, Plaintiff, Cynthia Dominguez, respectfully requests that this
18
19 Court grant the following relief in Plaintiff's favor, and against Defendant:

20     A.    For the Court to declare and find that the Defendant violated minimum
21         wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper
22         minimum wages;
23
24     B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be
25         determined at trial;
26
27

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

54.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.    As a result of not paying Plaintiff any wage whatsoever for the two workweeks of her employment, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

56.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

57.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Cynthia Dominguez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.    For the Court to declare and find that the Defendant violated minimum
wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper
minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be
determined at trial;

C.    For the Court to award compensatory damages, including liquidated
damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the
action pursuant to A.R.S. § 23-364 and all other causes of action set forth
herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

58.    Plaintiff realleges and incorporates by reference all allegations in all
preceding paragraphs.

59.    As a result of the allegations contained herein, Defendant did not
compensate Plaintiff wages due and owing to her.

60.    Defendant engaged in such conduct in direct violation of A.R.S. § 23-350.

61.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff
for the two workweeks in which she was employed by Defendant.

62.     Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Cynthia Dominguez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.     For the Court to declare and find that the Defendant violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th day of October, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## <u>VERIFICATION</u>

1

2          Plaintiff, Cynthia Dominguez, declares under penalty of perjury that she has read

3    the foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4    asserted therein are true and based on her personal knowledge, except as to those matters

5    stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                         Cynthia dominguez (Oct 17, 2022 10:39 PDT)

9                                         Cynthia Dominguez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27